**IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | | |
|---|---|---|
| **TE LOGISTICS LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | Case Number___________ |
| | ) | |
| **PRIME FREIGHT SOLUTIONS, INC., AND KASHIF DADWANI** | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, TE Logistics LLC, through its principal Boris Penchion and undersigned attorneys, states as follows:

## INTRODUCTION

1. This matter concerns a fraudulent scheme by Defendants to leave Plaintiff with their bills for false deliveries.

## PARTIES

2. Plaintiff TE Logistics LLC ("TE") is a limited liability company formed under the laws of Tennessee and headquartered in Memphis, Tennessee.

3. TE is a freight broker owned and operated by Boris Penchion ("Penchion").

4. TE primarily brokers rail freight deliveries on behalf of one major delivery company.

5. Defendant Prime Freight Solutions, Inc. ("PFS") is a Texas for-profit corporation that has been headquartered in Houston, Texas since 2019.

6. PFS is owned by Defendant Kashif Dadwani ("Dadwani").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. This Court has personal jurisdiction over Defendants, as Defendants reached out to Plaintiff in Tennessee in order to contract with Plaintiff. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in this district.

## JURY DEMAND

8. Plaintiff requests a jury trial on the issues and claims set forth in this Complaint.

## FACTS

9. In February 2021, TE was contacted by PFS in order to broker freight deliveries by PFS on behalf of a company called Prime Metals at a rate of $200 per delivery.

10. TE agreed.

11. TE was paid $200 per load for receiving the load information from Prime Metals in its Memphis office, forwarding the information to PFS via email, and receive payment for the loads from Prime Metals.

12. From TE's perspective, everything appeared in order, as Prime Metals sent load information, PFS reported delivering the loads, and Prime Metals delivered payment to TE.

13. PFS entered into a factoring agreement with Crown Financial, LLC ("Crown"), a Houston, Texas-based factoring company.

14. Crown informed TE of the factoring agreement by mailing a letter to Kaci Lindley, a billing clerk performing services on behalf of TE.

15. Ms. Lindley signed the letter, agreeing to make the PFS payments received from Prime Metal to Crown instead of PFS. Attached to the letter were invoices purporting to show amounts owed by Prime Metals for shipments purportedly delivered by PFS.

16. The letter also stated that by signing Ms. Lindley would be attesting that attached invoices were "in line for payment, that the goods and services covered by the invoices have been provided to TE Logistics, that the amounts of the Invoices are now due and undisputed, and that TE Logistics shall pay the amount billed in the Invoices without asserting any offsets, credits or other defenses per the remittance instructions above."

17. Unbeknownst to Ms. Lindley or anyone else at TE, PFS and Prime Metals were a fraudulent operation by with Dadwani as its ringleader.

18. Under Dadwani's fraudulent scheme, PFS and Prime Metals reported and paid for false deliveries to TE so that TE would make such an attestation to Crown. All of the invoices and bills of lading attached to the letter and purchased by Crown were forgeries. PFS never actually delivered, and Prime Metals never actually received, any goods at all. Instead, they merely created these documents to make it look like shipments occurred to defraud both TE and Crown.

19. Once Crown paid PFS via the factoring agreement, Dadwani fled the country with Crown's payments.

20. Prime Metals stopped making payments to TE, so TE in turn had no payments to provide to Crown.

21. As a result of Dadwani's fraudulent scheme, TE has been embroiled in controversy and litigation in Houston, Texas ever since, and faces potential liability for the PFS factoring agreement.

## COUNT I: FRAUD

22. TE incorporates the preceding paragraphs by reference as if set out in full herein.

23. Defendants PFS and Dadwani falsely induced TE serve as a broker for their fraudulent delivery scheme.

24. Defendants PFS and Dadwani promised TE that PFS was delivering loads on behalf of Prime Metals, and that TE would receive $200 per load for serving as broker.

25. Dadwani and PFS knew that no such deliveries were taking place, but misled TE to believe they were.

26. Dadwani and PFS also forged documents that it sold to Crown and represented to TE as legitimate.

27. TE relied on Defendants' false statements and forgeries to its detriment.

28. Because of Defendants' fraudulent statements, TE has been defending against threats and litigation in Texas.

29. TE has suffered damages as a result of PFS and Dadwani's fraud.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That PFS pay for TE's legal fees for the litigation initiated by Crown;

B. That PFS pay TE for any liability TE incurs to Crown;

C. That TE be awarded punitive damages;

D. That TE be awarded prejudgment and post-judgment interest;

E. That TE be awarded its reasonable attorneys' fees and costs; and

F. Any other relief that this Court deems just and proper.

Dated: November 16, 2023

Respectfully Submitted,

*/s/ Seamus T. Kelly*

Seamus T. Kelly (TN BPR# 032202)
MUSIC CITY LAW, PLLC
1033 Demonbreun Street, Suite 300
Nashville, TN 37203
(615) 200-0682
seamus@musiccityfirm.com

*Counsel for TE Logistics LLC*